IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DFW DANCE FLOORS LLC d/b/a CENTER STAGE FLOORS, §§§§ Plaintiff, §§ v. § BENJAMIN SUCHIL, *et al.*, §§§§ Defendants. §§§ | Civil Action No. 3:22-CV-01775-N |

# MEMORANDUM OPINION AND ORDER

This order addresses Defendants Benjamin Suchil and Imperial Floors LLC's motion to stay discovery [18] and Plaintiff DFW Dance Floors LLC d/b/a Center Stage Floors's ("Center Stage") motion to compel inspection [25]. The Court rejects Defendants' argument that Center Stage may not access discovery before identifying the trade secrets at issue with "reasonable particularity." Accordingly, the Court denies Defendants' motion to stay and grants Center Stage's motion to compel. The Court makes no determinations on Defendants' remaining motions.[1]

## I. ORIGINS OF THE DISPUTE

Center Stage creates custom dance floors for events, and it formerly employed Suchil as its operations manager. Suchil has now started a competing business, Imperial Floors, and Center Stage filed this lawsuit alleging that Suchil and his company have

---

[1] Defs.' Mot. Compel [32]; Defs.' Mot. to Quash [34]; Defs.' Mot. J. Pleadings [35].

MEMORANDUM OPINION AND ORDER – PAGE 1

misappropriated its proprietary information. Early in this litigation, the Court entered its standard scheduling order [14]. Defendants have resisted providing Center Stage with discovery on grounds that Center Stage must first identify its trade secrets at issue with reasonable particularity, spawning numerous competing motions. The Court now considers Defendants' motion to stay discovery pending trade secrets identification[2] and Center Stage's motion to compel inspection.

## II. Legal Standards

### A. Motion to Stay

Federal Rule of Civil Procedure 26 authorizes parties to seek an order staying discovery. FED. R. CIV. P. 26(c). Courts may grant a stay "for good cause shown" and have broad discretion to control discovery. *Id.*; *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."). In determining whether to exercise that discretion, courts consider "(1) the breadth of discovery sought; (2) the burden of responding to that discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay." "A stay of discovery may be appropriate where the disposition of a motion to dismiss 'might preclude the need for the discovery altogether thus saving time and expense.'" *Von Drake v. Nat'l Broadcasting Co., Inc.*, 2004 WL

---

[2] This is the only remaining operative part of the motion, which originally also sought to stay pending resolution of Defendants' motion to dismiss [8] and requested a protective order, as Defendants withdrew their motion to dismiss [26] and a protective order has already been entered [29].

MEMORANDUM OPINION AND ORDER – PAGE 2

1144142, at *2 (N.D. Tex. 2004) (quoting *Landry v. Airline Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990)).

### B.  Motion to Compel

Federal Rule of Civil Procedure 26 also allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Information within the scope of Rule 26(b) "need not be admissible in evidence to be discoverable." *Id.* A litigant may request to documents or enter onto land or other property when the subjects of inspection are relevant per Rule 26(b) and are in the responding party's "possession, custody, or control." FED. R. CIV. P. 34(a).

To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3). The party opposing the motion then must demonstrate with specificity why the discovery is irrelevant, overly broad, burdensome, or oppressive. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 476 (N.D. Tex. 2005). Courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant. *Samsung Elecs. Am. Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017).

### III.  THE COURT DENIES DEFENDANTS' MOTION TO STAY

Defendants argue that Center Stage must identify its trade secrets with "reasonable particularity" before accessing discovery, but has not; thus, allowing any discovery would

MEMORANDUM OPINION AND ORDER – PAGE 3

be overly burdensome because none is owed.  The Court disagrees that such a prerequisite applies.

"Neither Texas nor Fifth Circuit law requires pre-discovery identification." *United Servs. Auto. Ass'n v. Mitek Sys., Inc.*, 289 F.R.D. 244, 248 (W.D. Tex. 2013) (cleaned up); *see also MCR Oil Tools, LLC v. SPEX Offshore, Ltd.*, 2018 WL 4362695, at *4 (N.D. Tex. 2018).  Instead, courts have broad discretion under Federal Rule of Civil Procedure 16 "to adopt special procedures for managing complex issues in litigation." *Dewolff Boberg & Assocs., Inc. v. Pethick*, 202 WL 3904687, at *1 (N.D. Tex. 2022) (citing FED. R. CIV. P. 16(c)(2)(L)).  Pre-discovery identification may be warranted where the action involves "complex issues, multiple parties, difficult legal questions, or unusual proof problems." FED. R. CIV. P. 16(c)(2)(L); *see, e.g.*, *StoneEagle Servs.*, 2013 WL 9554563 (involving patent infringement claims and several other related lawsuits); *Mitek*, 289 F.R.D. 244 (involving claims that defendant infringed plaintiff's patent on software that it licensed to defendant).

Defendants may not rely on the fact that these procedures have been available in other trade secrets cases; they must explain why "ordinary discovery procedures will prove inadequate to the task in this case." *Polydyne Software, Inc. v. Celestica Int'l, Inc.*, 2014 WL 12479201, at *3 W.D. Tex. (2014).  However, there is no indication that interrogatories would fail to elicit the desired information.[3]  This Court follows other decisions from this

---

[3] At the time of this motion, no discovery deadlines for Plaintiff had yet passed.  As of the date of this Order, Plaintiff has served answers and objections to Defendants' Interrogatories, and it has shown continuing efforts to provide complete information through discovery mechanisms.  Defs.' Mot. Compel ¶ 18.

MEMORANDUM OPINION AND ORDER – PAGE 4

district in declining to require particularized identification where "the sufficiency of Plaintiff's pleadings regarding this claim and any related discovery issues are better suited for resolution in the context of" a Rule 12 motion or the normal discovery process. *Dewolff Boberg & Assocs.*, 2022 WL 3904687, at *2.

Defendants' argument for good cause turns on Center Stage's ability to access discovery generally, and the Court concludes the issue in Center Stage's favor. Because Defendants have not additionally explained why any specific discovery would be overly broad, burdensome, oppressive, or irrelevant, *Quarles*, 894 F.2d at 1485, the Court concludes that Defendants have not shown good cause for a stay and accordingly denies the motion.

### IV. THE COURT GRANTS CENTER STAGE'S MOTION TO COMPEL

In Center Stage's first set of discovery requests, it made several requests for inspection. Plaintiff's First Set of Requests for Production and Inspection, Pl.'s App. Supp. Mot. Compel 7–8 [25-1]. Defendants objected and refused to permit inspection, maintaining its argument that Center Stage must identify its trade secrets. Pl.'s Mot. Compel ¶¶ 10–11.

The Court has rejected the basis for Defendant's objection, and Defendant has not responded to Center Stage's motion with some other reason that the requested inspections are overly broad, burdensome, oppressive, or irrelevant. *Quarles*, 894 F.2d at 1485. Accordingly, Defendants have not carried their burden as the opposing party, and the Court grants Center Stage's motion to compel. Within thirty (30) days of the date of this Order, Defendants must permit Center Stage to enter the premises at 4111 US Hwy 80, Suite 308,

MEMORANDUM OPINION AND ORDER – PAGE 5

Mesquite, TX 75150, to inspect, measure, survey, photograph, test, and/or otherwise sample the property and objects set forth in Center Stage's First Set of Requests.[4]  Pl.'s App. Supp. Mot. Compel 7–8.

## CONCLUSION

The Court concludes that Center Stage is not required to identify its trade secrets with reasonable particularity before accessing discovery and thus denies Defendants' motion to stay.  Further, the Court grants Center Stage's motion to compel inspection.  The Court makes no finding on the adequacy of Center Stage's interrogatory responses at this time.

Signed February 7, 2023.

David C. Godbey
Chief United States District Judge

---

[4] Subject to other objections to the requests not yet raised by Defendants.  Any ambiguity should be resolved with reference to the definitions articulated in Center Stage's First Set of Requests.  Pl.'s App. Supp. Mot. Compel 4–7.

MEMORANDUM OPINION AND ORDER – PAGE 6