IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DFW DANCE FLOORS, LLC, <br> D/B/A/ CENTER STAGE FLOORS, <br>                                PLAINTIFF, <br><br> v. <br><br> BENJAMIN SUCHIL AND IMPERIAL <br> FLOORS, LLC, <br>                               DEFENDANTS. | § <br> § <br> § <br> § <br> §   CIVIL CASE NO. 3:22-CV-1775-N-BK <br> § <br> § <br> § <br> § |

## ORDER

Pursuant to the District Judge's *Order of Reference*, Doc. 52, all discovery matters have been referred to the undersigned. Before the Court is *Defendants' Motion for Attorney's Fees*, Doc. 253, in which Defendants seek an award of $2,600 for attorney's fees related to preparing *Defendants' Motion to Compel Supplemental Response, Production of Documents, and Information ("Defendants' Motion to Compel")*, Doc. 182, and ancillary documents. Upon review, *Defendants' Motion for Attorney's Fees* is **DENIED**.

## I.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if the court grants a motion to compel, it must require the non-movant and/or its attorney to pay the movant its reasonable expenses incurred in prosecuting the motion. Such an award is not warranted, however, if (1) the movant filed the motion before attempting, in good faith, to obtain the discovery without court intervention; (2) the opposing party's nondisclosure, objection, or response was justified; or (3) other circumstances make the imposition of sanctions unjust. FED. R. CIV. P. 37(a)(5)(A).

## II.

The Court previously granted *Defendants' Motions to Compel* and ordered Plaintiff "to supplement its response to RFP No. 16, produce all responsive documents to RFP No. 127, and amend its answer to Interrogatory No. 11." Doc. 233 at 6.

Defendants contend they are entitled to an award of attorneys' fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) because Plaintiff was "(1) ordered to produce documents by this Court's September 24, 2024 Order and then produced redacted copies of many of the documents ordered produced"; (2) "refused to confer on Defendants' Motion to Compel for more than two weeks"; and (3) "produced the information requested in the Motion to Compel less than one business day after Defendants filed the Motion to Compel." Doc. 253 at 1 (cleaned up). In response, Plaintiff invokes all three exceptions under Rule 37(a)(5)(A), including that "circumstances make this award unjust." Doc. 261 at 9.

Defendants' counsel argues, and Plaintiff's counsel does not dispute, that prior to filing *Defendants' Motion to Compel*, Defendants attempted to confer regarding the disputed discovery requests on two occasions. *See* Doc. 253 at 2-3; Doc. 261 at 5. On October 22, 2024, when Defendants first sought to confer, Plaintiff's counsel told Defendants' counsel that Plaintiff was working on its own motion to compel and recommended conferring on *Defendants' Motion to Compel* at the same time as the parties conferred on Plaintiff's forthcoming motion to compel. *See id.* As explained by Plaintiff in response to *Defendants' Motion for Attorney's Fees*:

> Plaintiff was concerned that Defendants would once again sit on Plaintiff's discovery issues for two months without responding, delaying Plaintiff's access to the Court as they did with Plaintiff's Fifth Motion to Compel – causing the case to be continued for two months. See, e.g., Dkt. 115 (Court ordered second continuance after Defendants refused to produce their portion of the joint status report for two months); Dkt. 122-2, ¶¶6-10 (Joint Status Report for the Fifth Motion to Compel, explaining that Defendants refused to produce their portion of the joint status report

for two months). Defendants produced their portion of the joint status report the day after Judge Godbey ordered the continuance.

Doc. 261 at 5.

On October 30, 2024, Defendants' counsel again reached out to Plaintiff's counsel to schedule a conference the following day, and Plaintiff's counsel declined to confer, stating that Monday, November 4, 2024, is "more realistic" to confer because Plaintiff's "timeline got thrown off with [Defendants'] motion to quash, motion for reconsideration, and the fact that we now have to add Juan Pina's deposition to the motion," and that she "should be able to get [Defendants] a draft" of Plaintiff's motion to compel after the parties' mediation on Monday, November 4, 2024. Doc. 253 at 2. These communications are included in the appendix accompanying *Defendants' Motion to Compel*. *See* Doc. 249-2 at 39-44. Defendants' counsel responded that "[w]e don't need your motions to confer" on *Defendants' Motion to Compel*, and asked if Plaintiff intended to produce the documents that were the subject of *Defendants' Motion to Compel*. Doc. 249-2 at 41. Plaintiff's counsel responded "No, I will not answer that until we are ready to conference on both motions. We are still traumatized by the two months wait for your Joint Status Report for the Fifth Motion to Compel. We will need to [confer on the instant motion and Plaintiff's motion to compel] together." Doc. 249-2 at 40.

Thereafter, Defendants filed their *Motion to Compel*, and Plaintiff subsequently produced unredacted copies of documents responsive to RFP No. 16 and RFP No. 127. Doc. 253 at 3.

On the record presented and having reviewed the numerous discovery disputes and spats between the parties, the Court finds that Plaintiff's counsel's concern—that absent insisting that the parties confer on *both* motions to compel at the same time, Defendants might stall and delay conferring on Plaintiff's forthcoming motion to compel—was not unjustified. Recently, Defendants' protracted delay in providing their portion of the Joint Status Report on Plaintiff's

Fifth Motion to Compel resulted in Plaintiff having to seek a continuance, which Chief District Judge Godbey granted, extending the fact discovery deadline by 90 days and resetting the trial date. *See* Doc. 115; Doc. 122-2, ¶¶ 6-10. Under these circumstances, the Court finds that imposition of sanctions would be unjust. *See* FED. R. CIV. P. 37(a)(5)(A)(iii).[1]

### III.

Upon review, and for these reasons, *Defendants' Motion for Attorney's Fees*, Doc. 253, is **DENIED.**

**SO ORDERED** on March 3, 2025.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's request for an award of $1,500 for expenses incurred in responding to *Defendants' Motion for Attorney's Fees*, Doc. 262 at 10, is also **DENIED**.