IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DFW DANCE FLOORS, LLC, d/b/a/ CENTER STAGE FLOORS, PLAINTIFF, | § § § § |
| v. | §  CIVIL CASE NO. 3:22-CV-1775-N-BK § |
| BENJAMIN SUCHIL AND IMPERIAL FLOORS, LLC, DEFENDANTS. | § § § § |

ORDER

Pursuant to the District Judge's *Order of Reference*, Doc. 52, all discovery matters have been referred to the undersigned. During a hearing on January 21, 2025, the Court found that Plaintiff was entitled to an award of attorney's fees and costs arising from the missed depositions of non-parties Kevin Chairez and Juan Pina and ordered that, "[t]o the extent Plaintiff seeks an award of attorney's fees and costs for the missed deposition of Messrs. Chairez and Pina, Plaintiff must submit a separate motion seeking the same with supporting documentation." Doc. 275 at 2.

Before the Court is *Plaintiff's Memorandum in Support of Motion for Attorney's Fees*, Doc. 280, in which Plaintiff seeks attorney's fees and costs and provides supporting documentation. Upon review, the Court finds that the evidence presented supports the requested award of fees and costs.

### I. LEGAL STANDARD

The Court of Appeals for the Fifth Circuit employs a two-step process when determining an award of attorney's fees. *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016)

(citation omitted). The first step is the "lodestar" calculation, "which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* at 392 (citation omitted). In evaluating the reasonableness of the number of hours claimed, courts "determine whether the total hours claimed are reasonable [and] also whether particular hours claimed were reasonably expended." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 325 (5th Cir. 1995). The party seeking attorney's fees bears the burden of establishing the prevailing market rate for similar services. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

When calculating the lodestar, the district court should exclude hours that were not reasonably expended, for example, if the case was overstaffed or the hours were redundant or unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Following the calculation of the lodestar, the Court considers whether the lodestar figure should be adjusted upward or downward depending on its analysis of the 12 factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. ex rel. Douglas W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted). There is a strong presumption, however, that the lodestar figure represents a reasonable fee. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). The most critical factor in determining an attorney's fee award is the degree of success obtained. *Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003) (quotations omitted).

## II. ANALYSIS

Plaintiff has provided the Court with *Plaintiff's Memorandum in Support of Motion for Attorney's Fees*, Doc. 280, and appendix in support containing the Declaration of Alison Battiste Clement ("Attorney Clement"), as well as detailed billing records. *See* Doc. 280-1 at 1-12. With

respect to Kevin Chairez, Plaintiff seeks to recover costs in the amount $501.30 for the court reporter (including an on-site resource fee) and attorney's fees in the amount of $520 for her time related to the deposition for which Chairez failed to appear on October 10, 2023, for a total of $1,021.30. Doc. 280 at 2. With respect to Juan Pina, Plaintiff seeks to recover 's costs in the amount of $300 for the court reporter and attorney's fees in the amount of $520 for her time related to the deposition on October 29, 2024, for which Pina failed to appear, for a total of $820. Doc. 280 at 2.

### A. Hourly Rates

The fee applicant has the burden of showing that its attorneys' hourly rates are reasonable. *La. Power & Light Co.*, 50 F.3d at 324. "Typically, the Court receives copies of resumes or summaries of the qualifications of attorneys involved in the litigation, as well as information regarding the individuals' litigation skills generally." *Mauricio v. Phillip Galyen, P.C.*, 174 F. Supp. 3d 944, 948 (N.D. Tex. 2016) (citation omitted). "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (citation omitted).

Here, Plaintiff supports its fee request with detailed invoices, Doc. 280-1 at 4-12, and a declaration from Attorney Clement, Doc. 280-1 at 1-3. Attorney Clement avers that her hourly rate is $400. Doc. 280-1 at 2. She also explains that her rate is reasonable and that she is familiar with the rates customarily charged "in this area for the same or similar services by an attorney with [her] experience, reputation, and ability," considering the "nature of the controversy, the time limits imposed, the results obtained compared with results in similar cases, and the nature and length of [her] relationship with Plaintiff." Doc. 280-1 at 2. Attorney Clement states she has been practicing law since 2008. Doc. 280-1 at 1.

Although information regarding Ms. Clement's qualifications and experience is light, the Court, applying its expertise, finds the declared rate reasonable. *See Gromer v. Mack*, No. 3:11-CV-0682-D, 2012 WL 28835, at *2 (N.D. Tex. Jan. 4, 2012) (Fitzwater, J.) (collecting cases noting that courts are considered experts regarding the reasonableness of attorneys' fees); *see, e.g., Michaels Stores Procurement Co., Inc. v. DMR Constr., Inc.*, No. 3:18-CV-1436-B, 2019 WL 399074, at *2 (N.D. Tex. Jan. 31, 2019) (finding rates between $375-675 for attorneys and $225 for paralegals to be reasonable in the Dallas, Texas area). Moreover, no one contests the reasonableness of the hourly rates. *See S & H Indus., Inc.*, No. 3-11-CV-2988-M, 2013 WL 6332993, at *3 n.4 (N.D. Tex. Dec. 5, 2013) ("When the hourly rate is not objected to by the opposing party, some courts have accepted the fee applicant's asserted reasonable hourly rate.") (citing *Baulch v. Jones*, 70 F.3d 813, 818 n.8 (5th Cir. 1995)). Accordingly, the hourly rate for Ms. Clement is deemed reasonable.

**B. Number of Hours**

To determine the reasonableness of hours expended in a case, "[t]he party seeking attorneys' fees must present adequately documented time records to the court." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). "[T]he documentation must be sufficient for the court to verify that the applicant has met its burden." *La. Power & Light Co.*, 50 F.3d at 325 (citation omitted). Contemporaneous billing records are acceptable documentation for determination of reasonable hours. *See Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990).

Here, Plaintiff submitted copies of contemporaneous billing invoices with detailed time entries. Doc. 280-1 at 4-12. The billing statements reflect that Attorney Clement incurred $1,040 in attorney's fees in connection with the missed depositions. Specifically, Attorney Clement spent a total of 1.3 hours at a rate of $400 per hour for a total of $520 with respect to

Chairez's failure to appear at his deposition and spent a total of 1.3 hours at a rate of $400 per hour for a total of $520 with respect to Pina's failure to appear at his deposition. Doc. 280-1 at 4-5. Plaintiff now seeks an award of $520 in fees from Chairez and $520 in fees from Pina. Doc. 280 at 2.

Upon review of the contemporaneous billing records, the Court finds that the amounts requested are reasonable and necessary for the services performed.[1] Accordingly, the Court determines that the lodestar is $1,040 ($520 + $520). In addition, the Court finds no reason, based on any of the *Johnson* factors, to modify the lodestar amount, as to which there is a strong presumption of the reasonableness. *See Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006); *Watkins*, 7 F.3d at 457.

### C. Costs

Plaintiff submitted copies of invoices related to costs incurred. Doc. 280-1 at 10-12. The invoices reflect that, with respect to Chairez, Plaintiff incurred costs for the court reporter and an on-site resource fee in the amount of $501.20, and, with respect to Pina, incurred costs for the court reporter in the amount of $300. Doc. 280-1 at 10-12. The Court finds that these costs are reasonable and recoverable.

### III. CONCLUSION

For these reasons, Plaintiff is **AWARDED** attorney's fees in the amount of $520 and costs in the amount of $501.30 from Kevin Chairez (for a total of $1021.30) for his failure to

---

[1] The party seeking fees is "charged with the burden of showing the reasonableness of the hours [it] bill[s] and, accordingly, [is] charged with proving that [it] exercised billing judgment." *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). Although Attorney Clement does not address billing judgment in her Declaration, because she is only seeking to recover her fees for work she performed, the risk of duplicative and/or redundant work is minimal. As such, the Court finds that no reduction for failure to demonstrate the exercise of billing judgment is required.

appear at his deposition.  Further, Plaintiff is **AWARDED** attorney's fees in the amount of $520 and costs in the amount of $300 from Juan Pina (for a total of $820) for his failure to appear at his deposition.  Kevin Chairez and Juan Pina are **ORDERED** to pay these sums to counsel for Plaintiff within 30 days of this Order.  Plaintiff is directed to ensure proper service of this Order on non-parties Chairez and Pina.

      **SO ORDERED** on March 3, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE